UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   vs.<br><br>DANIEL GALICIA,<br><br>                   Defendant. | 15 CR 308<br><br>Judge Gary Feinerman |

### MEMORANDUM OPINION AND ORDER

A grand jury charged Daniel Galicia with two counts of perjury in violation of 18 U.S.C. § 1623(c). Doc. 1. A petit jury found him guilty of both counts. Doc. 125. He moves under Criminal Rule 29 for a judgment of acquittal. Doc. 118. The motion is denied.

### Background

On June 15, 2012, in *United States v. Galicia*, 01 CR 757 (N.D. Ill.), Galicia signed a plea agreement and pleaded guilty to two counts of traveling in interstate commerce in aid of a cocaine-related racketeering enterprise in violation of 18 U.S.C. § 1952. Doc. 121 at 3-4; Gov't Exh. 2; Gov't Exh. Transcript 1. During his plea hearing, Galicia admitted under oath that certain facts were true. Gov't Exh. Transcript at 3, 5-6. On February 15, 2013, Galicia moved to withdraw his guilty plea. Doc. 121 at 7. At a September 5, 2013 hearing on the motion, Galicia denied under oath that certain facts were true. *Id.* at 7, 9-10; Gov't Exh. Transcript 2.

Believing that Galicia admitted facts at the June 2012 plea hearing that he then denied at the September 2013 plea withdrawal hearing, the government sought and obtained in the present case an indictment charging Galicia with two counts of perjury under 18 U.S.C § 1623(c). Docs. 1, 94. To prove a § 1623(c) violation, "the government need only demonstrate that the defendant

1

made two or more declarations under oath which were material to the issue in question and were inconsistent to the degree that one of them is necessarily false. The government need not allege nor prove which declaration was in fact false." *United States v. Patrick*, 542 F.2d 381, 384 n.3 (7th Cir. 1976); *see also United States v Hasan*, 609 F.3d 1211, 1134 (10th Cir. 2010) (holding that the question under § 1623(c) is whether the two statements "are so different that if one is true there is no way that the other can also be true").

Count One of the indictment charges that this statement by Galicia at the June 2012 plea hearing—

> The Court [Guzman, J.]: Will the assistant United States attorney, then, state for the record the facts that the government would be prepared to prove at trial in order to establish an independent factual basis for each of the essential elements of the offenses in Counts 1 and 2 of the superseding information.
>
> Prosecutor: [B]eginning in or about 1999 and continuing through on or about September 3rd of 2001, in Chicago, in the Northern District of Illinois and elsewhere, the defendant, Mr. Galicia, conspired with David Duran, Frank Duran, David Zuniga, Elizabeth Barragon and Beatrice Gamez, and with others, to operate a cocaine and marijuana trafficking operation in this district.
>
> The evidence would show that the defendant resided principally in Houston, Texas, but traveled regularly to Chicago to oversee the drug trafficking organization that he was in with the Duran brothers, Ms. Barragon and others.…
>
> With regard to the specific charges in the two-count superseding information, the evidence would show that Mr. Galicia traveled, and caused others to travel, in interstate commerce in furtherance of his cocaine trafficking enterprise ….
>
> The Court: Mr. Galicia, did you hear the facts just stated by the assistant United States attorney?
>
> Defendant: Yes.
>
> The Court: Are these facts true?
>
> Defendant: Yes.
>
> The Court: And did you actually do all those things?

> Defendant: Yes.

—is fatally inconsistent with this statement by Galicia at the September 2013 plea withdrawal hearing—

> Prosecutor: Sir, from 1991 to 2001, you ran a drug trafficking business, correct?
>
> Defendant: That's not correct.

Doc. 94 at 2-3.

Count Two of the indictment charges that this statement by Galicia at the June 2012 plea hearing—

> The Court [Guzman, J.]: Will the assistant United States attorney, then, state for the record the facts that the government would be prepared to prove at trial in order to establish an independent factual basis for each of the essential elements of the offenses in Counts 1 and 2 of the superseding information.
>
> Prosecutor: [B]eginning no later than 1999 and continuing through August of 2001, the defendant supplied, among other things, kilogram quantities of cocaine and marijuana to Frank and David Duran for distribution to others. Mr. Galicia ordinarily fronted these drugs to David and Frank Duran, meaning that David and Frank Duran received these drugs without having to pay for them….
>
> The Court: Mr. Galicia, did you hear the facts just stated by the assistant United States attorney?
>
> Defendant: Yes.
>
> The Court: Are these facts true?
>
> Defendant: Yes.
>
> The Court: And did you actually do all those things?
>
> Defendant: Yes.

—is fatally inconsistent with this statement by Galicia at the September 2013 plea withdrawal hearing—

> Prosecutor: Sir, from 1991 to 2001, you regularly supplied kilogram quantities of cocaine and marijuana to Frank Duran and David Duran, correct?

> Defendant: That's not correct….
>
> Prosecutor: Mr. Galicia—
>
> Defendant: Yes.
>
> Prosecutor: —between 1999 and 2001, you regularly supplied kilogram quantities of cocaine and marijuana to Frank Duran and David Duran; isn't that correct?
>
> Defendant: No, I didn't.
>
> Prosecutor: Your testimony is that you did not do that?
>
> Defendant: I didn't do that.

*Id*. at 4-5.

The present case proceeded to a two-day trial. Docs. 119, 123. The jury was instructed that it could convict Galicia of perjury under § 1623(c) only if the government proved beyond a reasonable doubt that: (1) Galicia, while under oath in the underlying case, knowingly made two or more declarations before a court of the United States; (2) each declaration concerned a material matter; and (3) the declarations were so inconsistent that one of them is necessarily false. Doc. 120 at 12. The parties stipulated that the first and second elements were satisfied, Doc. 121 at 9-10, so the only question for the jury was whether the statements in each count were "so inconsistent that one of them is necessarily false." *Patrick*, 542 F.2d at 384 n.3. The jury found Galicia guilty of both counts. Doc. 125.

## Discussion

Criminal Rule 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant challenging the sufficiency of the evidence must convince [the court] that even after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact

could have found him guilty beyond a reasonable doubt." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010) (internal quotation marks omitted).

Galicia contends that his statements at the plea and withdrawal hearings in the underlying case were not fatally inconsistent. As shown below, Galicia's motion (1) is time-barred insofar as it contends that the indictment in this case fails to state an offense and (2) is meritless insofar as it contends that there was insufficient evidence at trial to convict him under § 1623(c).

**I.     Count One**

For many years, Criminal Rule 12 permitted a defendant to present at "any time while the case was pending" a challenge that "[an] indictment or information fails … to state an offense." *United States v. Bankston*, 820 F.3d 215, 227 (6th Cir. 2016). Rule 12(b)(3), which took effect in December 2014, changed that, providing that an indictment's "failure to state an offense" is among the "defenses [and] objections … [that] must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B)(v). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely," unless "the party shows good cause." Fed. R. Crim. P. 12(c)(3); *see United States v. Boliaux*, 915 F.3d 493, 496 (7th Cir. 2019); *United States v. Nixon*, 901 F.3d 918, 921 (7th Cir. 2018); *United States v. Shorter*, 874 F.3d 969, 974-75 (7th Cir. 2017); *United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017). As the Seventh Circuit has explained:

> Rule 12(b)(3) serves multiple important functions. A pretrial decision permits the United States to appeal from an order that, because of the Double Jeopardy Clause, cannot be appealed after trial. … It prevents game playing. Many a defendant is tempted to seek an acquittal knowing that she has a legal issue in her pocket that will lead to a new trial if the jury convicts. All defendants would love to enjoy a trial that they can win but not lose.

*Nixon*, 901 F.3d at 921; *see also Boliaux*, 915 F.3d at 496.

5

The government contends that Galicia's Rule 29 motion for acquittal on Count One argues nothing more, nothing less, than that the indictment fails to state a § 1623(c) offense, and therefore that the motion should be denied as untimely. Doc. 126 at 1-5. Resolving the government's argument turns on the question whether Galicia's challenge is in fact a disguised Rule 12(b)(3)(B)(v) motion to dismiss Count One of the indictment for failure to state an offense. To answer that question, it is necessary to understand the nature of a Rule 12(b)(3)(B)(v) motion.

"In determining whether an indictment charges a cognizable offense, [the court is] bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1046-47 (9th Cir. 2017); *accord United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979) (holding that a defendant moving to dismiss an indictment for failure to state an offense may not invoke facts that "transcend the four-corners of" the indictment). Thus, if a Rule 12(b)(3)(B)(v) motion is "substantially intertwined with the evidence concerning the alleged offense, the motion … falls within the province of the ultimate finder of fact" and must be denied. *United States v. Yasak*, 884 F.2d 996, 1001 & n.3 (7th Cir. 1989). By contrast, if a motion contends that an indictment does not "state[] all the elements of the crime charged," Rule 12(b)(3)(B)(v) requires that the defendant bring it before trial. *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013); *see also Wheeler*, 857 F.3d at 744 (holding that the defendant's argument that the "indictment did not charge a § 924(c)(1) offense because attempted Hobbs Act robbery is not ever a 'crime of violence' … not only *could* have been presented by pretrial motion but also *had* to be so presented … [because] 'failure to state an offense' is the sort of contention that 'must' be raised before trial").

Galicia's Rule 29 motion presents arguments that Rule 12(b)(3)(B)(v) required him to bring before trial. The motion's first two substantive sentences state: "Mr. Galicia was charged under 18 U.S.C. § 1623(c). Because the statements charged in the indictment are not necessarily contradictory as required by 18 U.S.C. § 1623(c), Mr. Galicia is entitled to a judgment of acquittal under Rule 29." Doc. 118 at 1. That direct challenge to the indictment had to be brought under Rule 12(b)(3)(B)(v). The same holds for the certain related arguments Galicia advances to support that challenge.

Galicia first argues that because the questions asked of him at the June 2012 plea hearing differed from the questions asked at the September 2013 plea withdrawal hearing, his answers to those questions cannot possibly have been inconsistent within the meaning of § 1623(c). Doc. 118 at 4 (contending that a "conviction under § 1623(c) cannot be sustained based on answers to non-identical questions," reasoning that "the government [cannot] prove that the defendant's testimony is logically inconsistent if the two questions the defendant answered are not the same"); *id*. at 5-6 (contending that the government's failure to "simply reiterate[] the exact language from the plea colloquy in its plea withdrawal hearing questioning … put [it] on notice that [it was] not going to be able to establish necessary falsity by way of contradiction"). This argument—based solely on material (the questions and answers at the two hearings) set forth within the four corners of the indictment, and depending not at all on anything introduced at trial—is an argument that Count One fails on its face to charge an offense. Galicia had to make that argument under Rule 12(b)(3)(B)(v), or not at all. *See United States v. Stock*, 728 F.3d 287, 293 (3d Cir. 2013) (noting that, in asserting that "the statements alleged in the indictment are not 'threats' and thus fall beyond the scope of" the pertinent statute, the defendant was arguing that, "as a matter of law, the indictment fails to state an offense").

Galicia next argues that because he can conjure hypotheticals under which both statements charged in Count One might be true, he cannot be guilty under § 1623(c). Doc. 118 at 6-9. For example, Galicia advances this hypothetical to show that both statements could be true: If Galicia "had some supervisory role in the conspiracy that involved overseeing some limited aspects of the conspiracy, but was not in charge of running the [drug trafficking organization]," then his statement at the June 2012 plea hearing that he "traveled regularly to Chicago to oversee the drug trafficking organization that he was in with the Duran brothers" is consistent with his denial at the September 2013 plea withdrawal hearing that he "ran a drug trafficking business." *Id*. at 9. Whatever the merits of Galicia's argument that the existence of a hypothetical under which both charged statements are true necessarily defeats a § 1623(c) charge—and whatever the merits of the hypotheticals he advances—his argument is confined to the four corners of the indictment. Because that purely legal challenge to the indictment was "reasonably available" prior to trial, and because the court could have resolved the challenge "without a trial on the merits," Fed. R. Crim. P. 12(b)(3)(B)(v), Galicia was required to raise it before trial in a Rule 12(b)(3)(B)(v) motion.

Finally, Galicia argues that, as a logical and linguistic matter, his admission at the June 2012 plea hearing "that [he] traveled to Chicago to 'oversee the drug trafficking organization that he was in' is not inconsistent with the statements [at the September 2013 plea withdrawal hearing] that he did not run a drug trafficking organization." *Id*. at 7. As Galicia explains:

> [O]ne can oversee an organization without being the person who is 'running' said organization. The words "oversee" and "run" simply do not mean the same thing. Nor do they even have the same colloquial connotation. A supervisor might "oversee" a number of employees. She is not, therefore, "running" the company.

*Id*. at 7-8. Again, this purely legal challenge to the indictment draws on nothing outside the indictment's four corners, and therefore had to have been brought under Rule 12(b)(3)(B)(v).

8

As noted, a defendant's failure to timely make a Rule 12(b)(3) motion may be excused upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). Because Galicia makes no attempt to show that there was "good cause" for his failure before trial to raise these challenges to Count One, he has forfeited any "good cause" argument he might have presented. *See United States v. Hagen*, 911 F.3d 891, 895 (7th Cir. 2019) ("Hagen did not raise this more general argument before the district court; there, she focused solely on the comparison between allowing truancy and truancy itself. … [S]he [therefore] forfeited the point she now presses … ."); *United States v. Walsh*, 723 F.3d 802, 807 (7th Cir. 2013) ("New arguments or theories not raised in the district court … are forfeited … .").

Galicia's Rule 29 motion also challenges the sufficiency of the evidence presented at trial on Count One. Doc. 118 at 1 ("Even taking the evidence in the light most favorable to the government, no reasonable person could find that the government has met its burden in this case."). This challenge is properly brought under Rule 29. *See Yasak*, 884 F.2d at 1001 & n.3; *DiFonzo*, 603 F.2d at 1263. When reviewing a Rule 29 motion, the court must "construe the evidence in the light most favorable to the government, asking whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Weimert*, 819 F.3d 351, 354 (7th Cir. 2016). "A defendant challenging the sufficiency of the evidence against him therefore faces a formidable burden." *United States v. Thomas*, 845 F.3d 824, 830 (7th Cir. 2017) (internal quotation marks omitted). Galicia has not met that burden.

As noted, Count One charges that this statement of Galicia's at the June 2012 plea hearing—"[b]eginning in or about 1999 and continuing through on or about September 3 of 2001, … [Galicia] conspired with David Duran, Frank Duran, [and others] to operate a cocaine and marijuana trafficking operation in this district," "traveled regularly to Chicago to oversee the

drug trafficking organization that he was in with the Duran brothers [and others]," and "caused others to travel … in furtherance of his cocaine trafficking enterprise"—is incompatible with Galicia's denial at the September 2013 plea withdrawal hearing of the proposition that "from 1999 to 2001, [he] ran a drug trafficking business."  Doc. 94 at 2-3.  Galicia maintains that no reasonable jury could have found him guilty on Count One because his admissions that he "operate[d] a cocaine and marijuana trafficking operation," "overs[aw]" that operation, and "caused others to travel … in furtherance of his cocaine trafficking enterprise" are not necessarily inconsistent with his denial of having "ran a drug trafficking business."  Doc. 118 at 6-9.  The government retorts that a reasonable jury could find that the two statements cannot be reconciled, particularly given the context provided by Galicia's other admissions during the plea hearing.  Doc. 126 at 8-9.  The government is correct.

As to the statements themselves, Galicia admitted at the June 2012 plea hearing that he "traveled regularly to Chicago to *oversee the drug trafficking organization*" and "*caused* others to travel … in furtherance of *his* cocaine trafficking enterprise."  Doc. 94 at 2.  These admissions convey, or so a reasonable jury in this perjury case could find, that Galicia controlled the operations of—or, in other words, ran—the drug trafficking organization.  One who travels to "oversee" an organization can be viewed as controlling the organization's operations; the same is true of one who "causes others" to do things in furtherance of the enterprise.  The cherry atop the already iced cake is Galicia's admission that the cocaine trafficking enterprise was "his."  *Ibid*.  The jury quite reasonably found that Galicia's statement at the June 2012 hearing could not possibly be reconciled with his denial at the September 2013 plea withdrawal hearing that he "ran a drug trafficking business."  *Id*. at 3.  Granted, Galicia did not use the words "ran" or "run"

10

at the June 2012 plea hearing. But the jury was entitled to find that what Galicia admitted at the plea hearing was synonymous with having run the drug trafficking organization.

Although the discussion could stop here, other admissions that Galicia made at the June 2012 plea hearing—admissions that are not recited in Count One of the indictment—confirm this conclusion. The circuits to have considered the question have unanimously held that context is pertinent to evaluating whether the two charged statements are necessarily inconsistent for the purposes of § 1623(c). *See United States v. Flowers*, 813 F.2d 1320, 1324 (4th Cir. 1987) ("Even though two declarations may differ from one another, the § 1623(c) standard is not met unless, *taking them in context*, they are so different that if one is true there is no way that the other can also be true.") (emphasis added); *see also Hasan*, 609 F.3d at 1134 (adopting the *Flowers* standard); *United States v. McAfee*, 8 F.3d 1010, 1014-15 (5th Cir. 1993) (same); *United States v. Porter*, 994 F.2d 470, 473 (8th Cir. 1993) (same). For example, the Tenth Circuit in *Hasan* held that although the defendant's April 2005 grand jury testimony that persons in Somalia tried to rape his sister was "not in itself irreconcilably contradictory" with his November 2005 grand jury testimony that he did not "remember" if "anybody tr[ied] to … hurt her," a reasonable jury examining the two statements in the context of other testimony he gave at the November 2005 grand jury could find that the statements were irreconcilably inconsistent. 609 F.3d at 1135-37.

So, too, here. In addition to the June 2012 statement set forth in Count One of the indictment, Galicia admitted at the June 2012 plea hearing that in May 2001, he "caused an individual – namely, Frank Duran – to travel … from Houston … to Chicago … with the intent to promote, *manage*, establish and facilitate the promotion, *management*, establishment and carrying on of … the cocaine conspiracy." Gov't Exh. Transcript 1 at 21 (emphasis added).

11

Galicia likewise admitted that in June 2001, "again, for the purpose of *managing* and carrying on the drug conspiracy[,] … [he] caused Frank Duran to drive from Houston … to Chicago … with a kilogram quantity load of cocaine for the purpose of *managing* that drug distribution conspiracy." *Ibid*. (emphasis added). Accordingly, even if the June 2012 statement charged in Count One was not, on its face, fatally inconsistent with Galicia's September 2013 denial of having run a drug trafficking business, the context provided by his other admissions at the June 2012 hearing—to having "managed" the drug conspiracy—allowed the jury to find that the charged June 2012 statement—that he "overs[aw]" "his" drug conspiracy—was synonymous with an admission that he had "manag[ed]" the conspiracy. And that admission, the jury reasonably could find, was directly contrary to Galicia's September 2013 denial that he "ran" the conspiracy.

## II.  Count Two

As with Count One, many of Galicia's arguments concerning Count Two challenge the sufficiency of the indictment, Doc. 118 at 4-6, 9-13, and are time-barred under Rule 12(b)(3)(B)(v) for the reasons discussed above. And as with Count One, Galicia separately argues that that no reasonable jury could find from the evidence presented at trial that he was guilty of Count Two. *Id*. at 1, 10-11. That argument fails on the merits.

As noted, Count Two charges that this statement of Galicia's at the June 2012 plea hearing—"[b]eginning no later than 1999 and continuing through August of 2001, [Galicia] supplied … kilogram quantities of cocaine and marijuana to Frank and David Duran for distribution to others" and "ordinarily fronted these drugs to David and Frank Duran, meaning that David and Frank Duran received these drugs without having to pay for them"—is incompatible with Galicia's denial at the September 2013 plea withdrawal hearing of the proposition that "between 1999 and 2001, [he] regularly supplied kilogram quantities of cocaine

and marijuana to Frank Duran and David Duran." Doc. 94 at 4-5. Galicia maintains that he is not guilty of Count Two because his admission that he "supplied … kilogram quantities of cocaine" to the Duran brothers did not "indicate the frequency or regularity" of that conduct, and thus is not necessarily inconsistent with his later denial of having "*regularly* supplied kilogram quantities of cocaine" to the Durans. Doc. 118 at 10. The government retorts that Galicia's admission that he "supplied … kilogram quantities of cocaine" to the Durans must be considered in the context of other admissions at his plea hearing, both charged and uncharged, and in his written plea agreement. Given that context, the government maintains, the June 2012 statement charged in Count Two may be understood as admitting to having *regularly* supplied kilogram quantities to the Durans, which is precisely what at the September 2013 hearing he denied having done. The government is correct.

Galicia admitted at the June 2012 plea hearing that, "[b]eginning no later than 1999 and continuing through August of 2001," he supplied kilogram quantities of drugs to the Durans. Gov't Exh. Transcript 1 at 20-21. That statement—*beginning* in 1999 and *continuing through* August 2011—conveys a continuing course of conduct. Galicia also admitted at the plea hearing that he "ordinarily fronted … drugs to" the Durans. *Ibid*. Galicia's admission that he "ordinarily" supplied drugs to the Durans by "front[ing]" them plainly conveys that he also supplied drugs in some other way (by demanding payment up front or at the time of delivery) and, more importantly, that his supplying drugs to the Durans was a continuing activity.

A reasonable jury could find, solely from these statements at the plea hearing, that when Galicia made the key admission—that he "supplied … kilogram quantities of cocaine and marijuana to Frank and David Duran for distribution to others"—he was stating that he did so on a regular basis. Any doubt on that score is eliminated by Galicia's express admission in his plea

13

agreement that he "*regularly* supplied kilogram quantities of cocaine and marijuana to [the Durans] for distribution to others." Gov't Exh. 2 at 2 (emphasis added). Galicia signed the plea agreement on the same day as his plea hearing. *Id*. at 18. In determining the objective and subjective meaning of Galicia's statement at the plea hearing that he "supplied" kilogram quantities to the Durans, a reasonable jury could find, based on the context provided by his other admissions at the hearing and his admissions in the plea agreement, that he was admitting to having done so regularly. And because that admission is flatly contrary to Galicia's denial at the September 2013 plea withdrawal hearing of having regularly supplied kilogram quantities to the Durans, the jury reasonably could find that the two statements charged in Count Two are necessarily inconsistent.

Of course, if during the key moment of the June 2012 hearing Galicia had stated that he had "infrequently" supplied kilogram quantities to the Durans, then the context provided by Galicia's other contemporaneous oral and written admissions might not be sufficient to allow a reasonable jury to find that he had admitted to having "regularly" done so. But Galicia's key admission at the plea hearing did not specify, one way or the other, the frequency with which he supplied those kilogram quantities. This left an ambiguity, and the plea agreement, together with his other admissions at June 2012 hearing, provided the context that allowed the jury to find that Galicia admitted to having regularly supplied the Durans with kilogram quantities of drugs.

**Conclusion**

Galicia's motion for a judgment of acquittal is denied.

March 19, 2019 _____
United States District Judge